**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CODEE MICHEAUX,**

                Petitioner,

      v.                       CASE NO. 18-3010-SAC

**SEDGWICK COUNTY PAROLE OFFICE,**
**et al.,**

                Respondents.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus. Because petitioner challenges his detention under a warrant issued by the Kansas Department of Corrections, the Court has construed this action as a petition filed under 28 U.S.C. §2241.[1]

    By an order entered on January 16, 2018, the Court directed petitioner to show cause why this matter should not be dismissed without prejudice due to his failure to exhaust state court remedies before commencing this action. A response on behalf of petitioner was filed on January 19, 2018 (Doc. #4).

    It is established in the Tenth Circuit that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(citing *Coleman v. Thompson*, 501 U.S. 722, 731 (10th Cir. 1991)). To satisfy the exhaustion requirement, a petitioner must haven "given the state courts a full opportunity to resolve any constitutional issues by invoking one complete round

---

[1] *See Castro v. United States*, 540 U.S. 375, 377 (2003)("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.")

of the State's established appellate review process." *Tanguma v. Golder*, 177 Fed.Appx. 829, 830 (10th Cir. 2006)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 345 (1999)). Petitioner has the burden to show that he has exhausted available state remedies. *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009).

Here, petitioner's response fails to address the exhaustion requirement, and, because he commenced this action within a day of being taken into custody on the warrant, the Court concludes he has not yet presented his claims to the state courts. Accordingly, this matter must be dismissed without prejudice.

### Certificate of Appealability

Because the Court concludes this matter must be dismissed, it must consider whether to issue a certificate of appealability (COA), a jurisdictional prerequisite to an appeal from this action. 28 U.S.C. § 2253(c)(1)(A).

In order to receive a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Because the dismissal of this matter is based upon procedural grounds, petitioner must show both that "jurists of reason would find it debatable whether the [application] states a valid claim of the denial of a constitutional right" and that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court finds no ground to grant a COA. There is no showing that petitioner has exhausted state court remedies, and that finding is not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed without prejudice.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 23rd day of January, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge